## Dowling v. Paules

*Arthur K. Dils,* for plaintiff.
*Kenneth L. Rotz,* for defendants.

SPICER, *P.J.,* February 4, 1981—Plaintiff's complaint was filed September 30, 1980 and served upon defendants October 1, 1980. It alleged the following:

Plaintiff is a duly licensed insurance adjuster who entered into a contract with defendant to adjust two fire losses for defendants. Defendants owned and operated property at R.D. 7, Gettysburg, Pa., known as The Rainbow Inn. The first fire loss occurred December 31, 1979 and the second February 2, 1980.

Plaintiff obtained $39,907.76 from defendants' insurance carrier and after an adjustment of $777 demanded a fee based upon eight percent of the recovery. The total fee demanded was $6,420.

The complaint contained a notice to plead but the

form of notice was in accordance with the rules governing divorce actions. It was, therefore, an ineffective notice for an assumpsit case.

Defendants filed preliminary objections October 30, 1980. Plaintiff has improperly challenged the objections by filing an answer and attempting to raise the issue of untimeliness in filing.

Because the issue has not been properly preserved and because the notice to plead was not in proper form, the court rules that the preliminary objections are properly before the court for disposition.

Defendants' first objection is in the nature of a demurrer. They contend the complaint fails to state a cause of action. It obviously does.

They next argue that the contract upon which the cause of action is based violates the provisions of the Act of April 25, 1921, P.L. 276, 40 P.S. §301 et seq.

Illegality is properly raised by demurrer if it appears on the face of the complaint although it normally should be pled as new matter under Pa.R.C.P. 1030: 2 Goodrich-Amram 2d §1017(b):11.

The Act of April 25, 1921, 40 P.S. §303, requires that contracts between public adjusters and their clients be "in a form approved by the Insurance Commissioner. . . ." Plaintiff has stated in his brief that the contract was so approved but there is no allegation to this effect in the complaint.

Furthermore, the regulations adopted pursuant to the act, supra, would strongly suggest that the contract has not been so approved. Minimum standards for public adjuster contracts contained in 31 Pa. Code §115.2 require the contracts to contain a notice of a right of cancellation. There is no such

notice on the copy of the contract attached as an exhibit.

The purpose of this legislation is to regulate the practices within the insurance adjustment industry. Failure to comply with its provisions may defeat plaintiff's right to recover. The demurrer is sustained.

Although this holding makes it unnecessary to rule on the other objections raised, we will briefly comment on them because we are allowing plaintiff to file an amended complaint.

The complaint fails to state a cause of action against Mary A. Paules.

Actually, defendants are not even identified in the body of the complaint. This is a bad form. Instead, they are merely referred to as individuals residing at R.D. 7, Gettysburg, Pa. There is no description of their relationship except to say they owned and operated the premises known as The Rainbow Inn.

Although Paragraph 7 states plaintiff and defendants entered into a contract, the contract exhibit contains only the signatures of plaintiff and William F. Paules.

The demurrer as to Mary A. Paules is also sustained.

Defendants have moved to strike allegations in three paragraphs. Were not the court sustaining other objections, we would not consider these objections of sufficient moment to justify sustaining the objections. However, it is true that Paragraph 4 alleges more than one related set of facts (defendants have analyzed seven assertions; one is tempted to admire such perspicacity). Since Pa.R.C.P. 1022 requires a paragraph to allege only one material allegation, we will strike Paragraph 4.

Defendants assert that Paragraph 12 and 24 contain scandalous, impertinent, and scurrilous matter.

Paragraph 24 alleges that defendants offered less than the amount demanded. This is improper. Offers of a compromise are irrelevant both in pleadings and in proof. The last sentence of Paragraph 24 is stricken.

Plaintiff has alleged, in Paragraph 12, "There are certain allegations concerning whether or not both fires were of incendiary nature." Defendants claim this is scurrilous because it implies they are guilty of arson. We do not agree.

However, the allegation serves no useful purpose. It does not relate to anything else in the complaint. It is therefore stricken.

The notice to plead is also stricken.

We have discussed the allegations concerning Mary A. Paules and will not discuss nor act upon the motion for a more specific pleading with regard to the claim asserted against her.

The attached order is entered.


ORDER


And now, February 4, 1981, defendants' demurrer is granted and the complaint is dismissed.

The motions to strike are granted.

Plaintiff shall have 20 days in which to file an amended complaint.